**UNITED STATES of America, Plaintiff–Appellee,**

v.

**French Lee MILLER, Defendant–Appellant.**

No. 95–30371.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 18, 1996.

Decided Jan. 28, 1997.

---

Steven Jacobson, Assistant Federal Public Defender, and Constance Crooker, Portland, Oregon, for defendant-appellant.

Gary Sussman and Frank Noonan, Assistant United States Attorneys, for plaintiff-appellee.

Before ALDISERT, J.,* PREGERSON, and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

French Lee Miller was convicted of two counts of violating 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and for being a felon in possession of ammunition. Among other claims on appeal, Miller argues that Oregon's statute restoring his civil rights on his admission to parole permitted him to possess firearms. We affirm his con-

* Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

viction for possessing a revolver and reverse his conviction for possessing ammunition.

## FACTS AND PROCEDURAL HISTORY

Miller was convicted of burglary in Oregon in 1985 and was paroled in September 1987. At that time Or.Rev.Stat. § 137.281 provided that a person convicted of a felony was deprived of the right to hold or be a candidate for public office, hold a position of private trust, act as a juror, or vote. Those rights were automatically restored upon parole or discharge from imprisonment, by the terms of the same statute.

Or.Rev.Stat. § 166.270 provided, at that time, that a person convicted of a felony under the laws of Oregon, or any other state or of the United States, who possessed a concealable firearm or a machine gun, was guilty of a crime.

In 1995, Miller was convicted in federal court of two counts of distribution of methamphetamine; one count of being a felon in possession of a firearm, the revolver; and one count of being a felon in possession of ammunition. We have jurisdiction of his timely appeal pursuant to 28 U.S.C. § 1291.

## DISCUSSION

### A. *Miller's Prior Conviction*

■ Miller contends on appeal that his 1985 burglary conviction cannot be considered a conviction for purposes of 18 U.S.C. § 922(g) because § 921(a)(20) provides that convictions for which a person "has had civil rights restored shall not be considered a conviction...."

■ We considered the Oregon statutory scheme for restoration of civil rights following parole on a felony conviction in *United States v. Cardwell,* 967 F.2d 1349, 1350 (9th Cir.1992). In *Cardwell,* we noted that we look to the whole of state law in determining whether a felon's civil rights had been restored. We look to the state of the law at the time of the restoration or expungement. *Id.* In *Cardwell's* case, as in Miller's, Oregon law prohibited possession of concealable weapons or weapons of a certain size. It did not prohibit the possession of the weapon on

which Cardwell's conviction was based. Therefore, we held that his conviction under § 922(g) was improper. *See also United States v. Bell,* 983 F.2d 910, 911 (9th Cir. 1993).

Miller argues that *Cardwell* should be limited to its facts, and that the more recent case of *United States v. Herron,* 45 F.3d 340 (9th Cir.1995), requires a different analysis. In *Herron,* a Washington state convict was discharged and received a "Certificate and Order of Discharge." The certificate stated that his civil rights had been restored. At that time, Washington law prohibited possession of firearms by persons such as Herron. We noted in *Herron* that states utilize two methods of restoring a felon's civil rights, by certificate (as in Herron's case) or by operation of law (as in Miller's case). In Herron's situation, the state cannot hand the felon a restoration certificate which is general on its face and mousetrap him with a criminal statute in "a corner of the state's penal code...." *Id.* at 343 (quoting *United States v. Erwin,* 902 F.2d 510, 512–13 (7th Cir.), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990)).

Herron recognizes and follows the analysis that controls here. Miller did not receive a general certificate. His restoration was by operation of law, and in that circumstance we look to the whole of state law at the time of restoration. In 1987, when Miller was paroled, Oregon law prohibited him from possessing the type of weapon with which he was charged and convicted here. His conviction on § 922(g) was therefore valid.

The Government has reviewed its position and has properly conceded that Oregon law, at the time of Miller's parole, did not prohibit his possession of ammunition. Therefore, his conviction on count five must be reversed. Since the sentence on that count was concurrent to the sentence on count one, it is not apparent that resentencing is required.

### B. *Outrageous Government Misconduct*

■ During the course of grand jury proceedings, the jurors were made aware of Miller's possible involvement with an arson case and plans to proceed with the arson

investigation if Miller were indicted. At some point, one of the jurors asked one of the Government's witnesses, a confidential informant, the following question: "Actually, couldn't you ask the guy [Miller] if he could tell him about any jobs that he's done so maybe he would say that he committed the [arson] job?" The Government's attorney allowed the informant to answer the question. Miller contends that this question shows that the grand jury "gleefully participated" in a scheme by the Government to force Miller to provide information regarding the arson. Miller is incorrect.

■ Substantial proof of grand jury bias is required to overturn an indictment. *United States v. Al Mudarris*, 695 F.2d 1182, 1186 (9th Cir.), *cert. denied*, 461 U.S. 932, 103 S.Ct. 2097, 77 L.Ed.2d 305 (1983). The single question by the grand jury falls far short of demonstrating that the prosecutor "deceived the grand jury or significantly impaired its ability to exercise independent judgment." *Id.* at 1185.

### C. Commerce Clause

■ Miller's argument that 18 U.S.C. § 922(g)(1) violates the Commerce Clause is foreclosed by existing Ninth Circuit authority. In *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir.1995), we held that 18 U.S.C. § 922(g)(1) "requires only the minimal nexus that a firearm have been, at some time, in interstate commerce." This minimal nexus requirement does not run afoul of *United States v. Lopez*, — U.S. —, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). The indictment and grand jury instructions in this case were sufficient, since the only proof required was that the firearm at some time have been in interstate commerce. *Hanna*, 55 F.3d at 1462 n. 2.

■ The Government did not need to prove that Miller knew the firearm had traveled in interstate commerce. We agree with the decisions from other circuits that the § 924(a) knowledge requirement applies only to the possession element of § 922(g)(1), not to the interstate nexus or to felon status. *See United States v. Capps*, 77 F.3d 350, 352 & n. 2 (10th Cir.1996) ("as far as we can tell, no circuit has extended the knowledge com-

ponent of § 922(g)(1) beyond the act of possession itself"); *United States v. Langley*, 62 F.3d 602, 604–606 (4th Cir.1995) (no evidence that Congress intended to reverse prior law by extending "knowing" requirement to require knowledge of interstate nexus); *United States v. Dancy*, 861 F.2d 77, 80–82 (5th Cir.1988) (rejecting defendant's argument that knowledge requirement applies to interstate nexus or felon status). Thus, while Miller needed to know that he possessed the firearm, which was the criminal act, the Government did not need to show that Miller knew the weapon had traveled in interstate commerce.

### CONCLUSION

The conviction and sentences on counts one, two and four are affirmed. The conviction on count five is reversed, and the case is remanded to the district court with instructions to amend the judgment to expunge the conviction on count five and the mandatory $50 assessment. In complying with these instructions, the district court may hold such hearings, if any, as the district court in its discretion deems appropriate.

AFFIRMED in part, REVERSED in part and REMANDED.