**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert S. GILL, Defendant–Appellant.**

**No. 01–30202.**
**D.C. No. CR–00–30032–MRH.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2002.*

Decided April 22, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, O'SCANNLAIN, and BERZON, Circuit Judges.

### MEMORANDUM**

Robert S. Gill was convicted of possessing a firearm while a domestic violence restraining order was in effect against him, in violation of 18 U.S.C. § 922(g)(8). He contends that § 922(g)(8) as applied to him exceeds Congress's Commerce Clause authority and that, therefore, the district court erred in denying his motion to dismiss the indictment. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we review this challenge to the constitutionality of § 922(g)(8) *de novo*. *United States v. Jones*, 231 F.3d 508, 513 (9th Cir.2000). Because we find the statute to be constitutional as applied to Gill, we affirm his conviction. Since the parties are familiar with the factual background, we do not recite the details here.

Gill argues that § 922(g)(8) as applied to him exceeds Congress's authority under the Commerce Clause, as interpreted by the Supreme Court in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), because his possession was inadequately connected to interstate commerce. Gill claims that the Supreme Court's recent decisions in *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), and *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000) (hereinafter *Jones I*), undermine this court's post-*Lopez* decisions, including *United States v. Polanco*, 93 F.3d 555 (9th Cir.1996), and *United States v. Hanna*, 55 F.3d 1456 (9th Cir.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1995), in which we upheld the constitutionality of § 922(g) against attacks based on the Commerce Clause.

Specifically, in *Polanco*, we recognized that the jurisdictional element of § 922(g) "insures, on a case-by-case basis, that a defendant's actions implicate interstate commerce to a constitutionally adequate degree." 93 F.3d at 563. Furthermore, according to other post-*Lopez* decisions, § 922(g) "requires only the minimal nexus that a firearm have been, at some time, in interstate commerce," and this minimal nexus requirement does not run afoul of *Lopez*. *United States v. Miller*, 105 F.3d 552, 555 (9th Cir.1997) (quoting *Hanna*, 55 F.3d at 1462) (internal quotation marks omitted).

In *Jones*, 231 F.3d at 513–15 (hereinafter *Jones II*), we determined that neither *Morrison* nor *Jones I* altered this court's post-*Lopez* analysis of § 922(g). We noted that, unlike the statute in *Morrison*, § 922(g) contains an express jurisdictional element to ensure a constitutionally adequate minimal nexus with interstate commerce—proof that the firearm moved in interstate commerce at some time. *Id.* at 514. In addition, § 922(g) regulates the possession of firearms, products that can travel in interstate commerce and have an effect on interstate commerce. *Id.* at 515. In contrast, the statutes at issue in *Morrison* and *Jones I* regulated purely noncommercial activity, gender-motivated violence and arson against a private residence, respectively. *Id.* Because § 922(g) differs from the statutes in *Morrison* and *Jones I* in these critical respects, the *Jones II* court concluded that § 922(g) does not offend the Commerce Clause. *Id.*

*Jones II* upheld the constitutionality of § 922(g)(8), the precise statute at issue

here. *Id.* Nonetheless, Gill argues that *Jones II* does not foreclose his as-applied challenge to the statute because the facts of *Jones II* are distinguishable. In *Jones II*, the defendant was arrested outside a pawn shop where he had redeemed guns he had previously pawned. *Id.* at 512–13. Because the defendant in *Jones II* engaged in a transaction to redeem the guns immediately before his arrest, the connection to commerce was stronger than in this case. Here, the firearms were found in Gill's residence at a time unconnected to their purchase.

However, in *United States v. Rousseau*, 257 F.3d 925 (9th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 503, 151 L.Ed.2d 413 (2001), we held that the presence of the defendant's firearm in interstate commerce at some time in the past continues to be a sufficient connection to interstate commerce to pass constitutional muster. *Id.* at 933. Proof that the firearm was manufactured out of state is all that is needed to survive an as-applied challenge to the statute. *Id.* In this case, Gill concedes the possession of five firearms and that the five firearms in question were manufactured outside the state of Oregon and therefore traveled in interstate commerce at some time. His as-applied challenge, therefore, fails.

AFFIRMED.