**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry W. CAMPBELL, Defendant–**
**Appellant.**

**No. 06–10005.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed Jan. 31, 2007.

Samantha S. Spangler, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: GOODWIN, TASHIMA, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

1. We review *de novo* the district court's construction or interpretation of a statute. *United States v. Cabaccang,* 332 F.3d 622, 624–25 (9th Cir.2003) (en banc). Also subject to *de novo* review is the constitutionality of a statute and its application, *United States v. Jones,* 231 F.3d 508, 513 (9th Cir.2000); the sufficiency of an indictment and the denial of a motion for acquittal, *United States v. Neill,* 166 F.3d

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

943, 947–48 (9th Cir.1998); and the denial of a motion to dismiss an indictment on constitutional grounds, *United States v. Andaverde*, 64 F.3d 1305, 1308–09 (9th Cir. 1995).

2. The indictment in this case is sufficient, because by alleging possession of firearms that "had previously been transported in interstate or foreign commerce" it clearly described the elements of the offense. *United States v. Rousseau*, 257 F.3d 925, 933 (9th Cir.2001); *see also United States v. Miller*, 105 F.3d 552 (9th Cir.1997). Similarly, Campbell's stipulation that the charged firearms previously moved in interstate commerce satisfies the statutory requirement that his possession be "in or affecting commerce." *See, e.g., United States v. Younger*, 398 F.3d 1179, 1192–93 (9th Cir.2005).

3. We reject Campbell's Commerce Clause challenges to 18 U.S.C. § 922(g), because they are squarely foreclosed by our precedents. *See, e.g., id.* at 1193; *United States v. Jones*, 231 F.3d 508, 514– 15 (9th Cir.2000).

4. The district court did not err by denying Campbell's motion to dismiss the indictment, thereby precluding attack on the underlying state restraining order. *United States v. Young*, 458 F.3d 998, 1005 (9th Cir.2006).

5. We review for abuse of discretion the district court's application of the Sentencing Guidelines to the facts of a case, and its factual findings for clear error. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). Constructive possession is established when a defendant has "knowledge of the weapon and both the power and the intention to exercise dominion and control over it." *United States v.*

*Carrasco*, 257 F.3d 1045, 1049 (9th Cir. 2001). There is no dispute that Campbell had knowledge of the additional weapons stored at his uncle's home, and he conceded below that he had the power to exercise dominion and control over them.[1] Having considered the record closely, the district court did not clearly err by finding that Campbell intended to exercise dominion and control over these additional weapons. Therefore, the district court did not abuse its discretion by applying a two-point offense level enhancement under U.S.S.G. § 2K2.1(b)(1)(A).

**AFFIRMED.**

---

1. That the district court granted a pre-trial motion to suppress these firearms did not preclude it from considering them at sentencing. *See United States v. Mattarolo*, 209 F.3d 1153, 1160 (9th Cir.2000); *United States v. McIver*, 186 F.3d 1119, 1131–32 (9th Cir. 1999).