**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RONALD LESTER PARRY,
*Defendant-Appellant.*

No. 05-30522

D.C. No.
CR-04-60008-HO

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued July 25, 2006;
Resubmitted March 2, 2007—Portland, Oregon

Filed March 14, 2007

Before: Stephen Reinhardt and Susan P. Graber,
Circuit Judges, and Ronald S.W. Lew,* District Judge.

Opinion by Judge Graber

---

*The Honorable Ronald S.W. Lew, United States District Court for the
Central District of California, sitting by designation.

**COUNSEL**

William R. Sharp, Monks & Sharp, LLP, Eugene, Oregon, for the defendant-appellant.

Frank R. Papagni, Jr., Assistant United States Attorney, Eugene, Oregon, for the plaintiff-appellee.

**OPINION**

GRABER, Circuit Judge:

Defendant Ronald Lester Parry was convicted of being a felon in possession of a firearm after previously having been convicted for three serious drug offenses, possessing methamphetamine with the intent to distribute it, and possessing a

firearm in furtherance of a drug-trafficking crime. He appeals his sentence on the ground that the district court erred by concluding that three of his prior convictions were predicate offenses under 18 U.S.C. § 924 of the Armed Career Criminal Act of 1984 ("ACCA").[1] We hold that Defendant's prior convictions were correctly characterized as "serious drug offenses" under ACCA because Oregon "prescribe[s] by law" a "maximum term of imprisonment" of 10 years or more for delivery of methamphetamine. 18 U.S.C. § 924(e)(2)(A)(ii). Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2003, Defendant was driving his truck on an Oregon highway. Suspecting from his manner of driving that Defendant was under the influence of intoxicants and noticing that Defendant's front-seat passenger was not wearing a seat-belt, a police officer signaled him to stop. As Defendant pulled over to the side of the road, someone in the car threw out of the passenger-side window a red pouch containing methamphetamine, marijuana, hashish, small zip-lock bags, a vial, and a syringe. Defendant was arrested. The police later obtained a warrant to search the truck; in the subsequent search the police found a handgun underneath the dashboard.

In October 2004, a grand jury issued a superseding indictment against Defendant charging him with (1) being a felon in possession of a firearm and having previously been convicted of three "serious drug offenses" in violation of 18 U.S.C. § 922(g)(1) and § 924(e); (2) possessing with intent to distribute a Schedule II controlled substance, methamphetamine, in violation of 21 U.S.C. § 812(b)(2) & (c), Schedule II(c), § 841(a) & (b)(1)(c), and § 851; and (3) possessing a firearm in furtherance of a drug-trafficking crime in violation

---

[1]Defendant also challenges his convictions and sentence on other grounds. We have rejected those arguments in a memorandum disposition filed this date.

of 18 U.S.C. § 924(c)(1)(A)(i) & (c)(2) and § 921(a)(3). After a three-day trial, a jury found Defendant guilty on all counts. He was sentenced to a 360-month prison term, and he brings this timely appeal.

## DISCUSSION

**[1]** Under ACCA, a defendant is subject to a mandatory minimum sentence of 15 years if the defendant has three or more prior convictions that qualify as "serious drug offenses." 18 U.S.C. § 924(e)(1). The statute defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Defendant has been convicted of three drug-related offenses. In February 2001, he pleaded guilty to two counts of Unlawful Delivery of a Schedule II Controlled Substance —methamphetamine; the charged conduct took place on two separate days. In May 1996, he pleaded guilty to Unlawful Manufacture of a Schedule I Controlled Substance— marijuana.

Defendant acknowledges that his prior conviction for manufacture of marijuana is a "serious drug offense." Indeed, a conviction for manufacture of marijuana, under Oregon law, is a Class A felony. Or. Rev. Stat. § 475.840(1)(a). For a Class A felony, the maximum sentence allowed by law is 20 years. Or. Rev. Stat. § 161.605(1). The only convictions that are at issue are for delivery of methamphetamine.

Although Defendant concedes that those crimes involve distributing a controlled substance, as required under ACCA, he claims that they do not qualify as "serious drug offenses" because, under the Oregon Sentencing Guidelines, they are

not punishable by "a maximum term of ten years or more" as "prescribed by law."**²** That argument is unavailing.

**[2]** Both of Defendant's convictions for methamphetamine delivery, under Oregon law, are Class B felonies. Or. Rev. Stat. § 475.840(1)(b). Oregon Revised Statute § 161.605(2) provides that a Class B felony carries a maximum prison sentence of 10 years.

But, Defendant argues, under the Oregon Sentencing Guidelines, no defendant could ever be sentenced to 10 years in prison for delivery or manufacture of a Schedule II controlled substance—including methamphetamine—regardless of his criminal history, and notwithstanding the crime's designation as a Class B felony. Instead, the maximum sentence for that crime under the guidelines is 90 months. Defendant contends that the sentence provided for by the Oregon Sentencing Guidelines must take precedence over the maximum sentence prescribed by state statute. He reasons that the sentencing guidelines control for three reasons: (1) the Oregon Supreme Court has noted that the state's sentencing guidelines have "the authority of statutory law," *State v. Dilts*, 103 P.3d 95, 99 n.6 (Or. 2004); (2) the legislature has enacted a statute providing that the sentencing guidelines determine a defendant's prison time, Or. Rev. Stat. § 137.669, which supersedes or repeals § 161.605 by implication; and (3) the sentencing guidelines are more specific than § 161.605, and should govern if there is a conflict. Thus, he concludes, his convictions for delivery of methamphetamine are not punishable by a sentence of 10 years or more and so do not qualify as predicate offenses under ACCA.

**[3]** We reject Defendant's construct because it does not

---

**²**We review de novo a district court's determination that a prior conviction constitutes a predicate offense under 18 U.S.C. § 924 of ACCA. *United States v. Marks*, 379 F.3d 1114, 1116 (9th Cir. 2004), *cert. denied*, 543 U.S. 1170 (2005).

take into account the explicit interplay between the state sentencing guidelines and the state statute setting maximum terms. There is no conflict in the state law. The "maximum term . . . prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii), for delivery of methamphetamine is 10 years, as established in Oregon Revised Statute § 161.605. That section, entitled "Maximum terms of imprisonment; felonies," goes on to specify the maximum sentences allowed by law for Class A, B, and C felonies. Or. Rev. Stat. § 161.605. The statute establishing that the sentencing guidelines govern the amount of time actually spent in prison is entitled "Sentencing guidelines control." It explains that the guidelines constitute the "*presumptive* sentence[ ]," not the *maximum* sentence. Or. Rev. Stat. § 137.669 (emphasis added). The guidelines themselves recognize and incorporate the statutory maxima. Oregon Administrative Rule § 213-008-0003(2) states that "[a] durational departure from a presumptive prison term shall not total more than double the maximum duration of the presumptive prison term. *In no case may the sentence exceed the statutory maximum indeterminate sentence described in ORS 161.605*." (Emphasis added.) Oregon Administrative Rule § 213-005-0002(4) provides that a defendant's term of post-prison supervision, when added to the prison term, cannot exceed the statutory maximum sentence.

**[4]** We also note that the state courts, when considering whether a sentence exceeds the lawful maximum, examine Oregon Revised Statute § 161.605, not the sentencing guidelines. For example, in *State v. Angell*, 113 P.3d 988, 989 (Or. Ct. App. 2005), the court held that the sentence was unlawful because it exceeded the outer limit of § 161.605, not because it exceeded the sentencing guidelines. To the same effect, see *State v. Stalder*, 133 P.3d 920, 922-23 (Or. Ct. App. 2006). These cases demonstrate that the sentencing guidelines have not implicitly repealed the statutory maximum sentence statute, § 161.605. Repeals by implication are disfavored "and must be established by plain, unavoidable, and irreconcilable

repugnancy." *State v. Langdon*, 999 P.2d 1127, 1132 (Or. 2000) (internal quotation marks omitted).

No such "irreconcilable repugnancy" exists here; to the contrary, there is a connection between § 161.605 and the sentencing guidelines that preserves the continued viability of § 161.605. Nothing in Oregon Revised Statutes chapter 137, which governs the Oregon Criminal Justice Commission and the sentencing guidelines, prevents a presumptive guideline from being increased all the way to the statutory maximum (or to half that amount, which can be doubled), without any accompanying legislative change to § 161.605. If the legislature wanted to increase the sentence for a crime beyond the maximum prescribed in § 161.605, however, it would have to either amend § 161.605 itself, to provide for a greater maximum sentence for the type of felony at issue, or it would have to amend the statute that criminalizes the conduct and reclassify the crime as a more serious type of felony (for example, change a conviction for delivery of methamphetamine from a Class B to a Class A felony).

Our conclusion is consistent not only with the Oregon statutes and regulations, but also with *United States v. Murillo*, 422 F.3d 1152 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1928 (2006). There, we considered an argument much like the one that Defendant raises here. The defendant in *Murillo* was convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). We had to decide whether his prior state convictions constituted felonies, which were defined as "crime[s] punishable by imprisonment for a term exceeding one year." *Id.* at 1153. The *Murillo* case originated in the State of Washington, which has a guidelines regime similar to Oregon's. Murillo argued that his prior crimes were not felonies because, under the Washington Sentencing Guidelines, he could not have received a maximum sentence of one year and, in fact, he was sentenced to a term of only 10 months. We rejected that argument, holding:

Here, we hold that *Blakely [v. Washington*, 542 U.S. 296 (2004),] did not change the definition of what constitutes a maximum sentence under state law for purposes of prosecution under 18 U.S.C. § 922(g)(1): *the maximum sentence is the statutory maximum sentence for the offense*, not the maximum sentence available in the particular case under the sentencing guidelines.

*Id.* at 1154 (emphasis added).

**[5]** It is true that 18 U.S.C. § 922(g) requires that the predicate offense be "*punishable* by imprisonment for a term exceeding one year," while ACCA requires, for a "serious drug offense," a "maximum term of imprisonment of ten years or more" as "*prescribed by law*," 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added). Although the phrasing differs slightly, we conclude that neither formulation suggests that we look to sentencing guidelines to the exclusion of the statutes. If anything, "punishable" would appear to point more specifically to time spent in prison, while "prescribed by law" would appear to point more to the statute. If the former phrase requires that we use the statutory maximum, a fortiori, the latter phrase does too.

**[6]** For these reasons, we hold that all three of Defendant's prior drug-related convictions constituted "serious drug offenses" under ACCA.

AFFIRMED.