**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Danny Lee GIBSON, Defendant–Appellant.**

No. 05–30544.

United States Court of Appeals, Ninth Circuit.

Argued July 25, 2006.

Resubmitted Aug. 15, 2007.

Filed Aug. 23, 2007.

Stephen Gunnels, Deschutes County District Attorney, Bend, OR, for Plaintiff–Appellee.

Craig E. Weinerman, Esq., FPDOR—Federal Public Defender's Office, Eugene, OR, for Defendant–Appellant.

Before: REINHARDT and GRABER, Circuit Judges, and LEW,* District Judge.

## MEMORANDUM **

Gibson appeals his sentence for violation of 18 U.S.C. § 922(g)(1). We affirm. Notwithstanding the doctrine of constitutional avoidance and the rule of lenity, Gibson's argument that his two prior drug-related

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

convictions do not constitute "serious drug offenses" under § 924(e)(2)(A) is foreclosed by *United States v. Parry*, 479 F.3d 722, 723–26 (9th Cir.2007); *see also United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir.2005), *cert. denied*, 547 U.S. 1119, 126 S.Ct. 1928, 164 L.Ed.2d 677 (2006). His argument that his conviction for reckless assault under Oregon Revised Statute § 163.165(1) does not constitute a "violent felony" under § 924(e)(2)(B) is foreclosed by *United States v. Rendon–Duarte*, 490 F.3d 1142 (9th Cir.2007) (as amended).

**AFFIRMED.**

REINHARDT, Circuit Judge, concurring separately:

I concur in the panel's "violent felony" holding only because I must, under force of this circuit's precedent, precedent that in my opinion makes no sense. In passing the Armed Career Criminal Act, Congress enhanced penalties for gun possession by persons with a history of violent offenses. Such a law is understandable. But recklessness is emphatically not the same as violence. By construing the term "violent felony" to cover reckless conduct, our court enhances penalties for gun possession by persons who, like Gibson, have in the past been convicted of drunk driving, as well as a host of other persons who may never have intentionally used force against another human being. That is surely not what Congress intended. The Act applies to violent crimes, not to persons who are simply reckless or negligent.[1] Our precedent therefore imposes punishment with-

out reason. This is a result always to be avoided.

---

1. *See United States v. Doe*, 960 F.2d 221, 225 (1st Cir.1992) (opinion of Breyer, then-Chief Judge) ("There is no reason to believe that Congress meant to enhance sentences based on, say, proof of drunk driving convictions. Rather, we must read the definition in light of the term to be defined, 'violent felony,' which calls to mind a tradition of crimes that involve

the possibility of more closely related, active violence."); *see also Leocal v. Ashcroft*, 543 U.S. 1, 11, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004) (quoting *Doe* approvingly).

