**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

GREGG LEON CRAMPTON,
       *Defendant-Appellant.*

No. 06-30219

D.C. No.
CR-04-60016-MRH

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, Chief District Judge, Presiding

Argued and Submitted
February 8, 2007—Portland, Oregon

Filed December 20, 2007
Amended March 10, 2008

Before: David R. Thompson, Andrew J. Kleinfeld, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Kleinfeld

2229

## COUNSEL

Richard L. Fredericks, P.C., Eugene, Oregon, for the appellant.

Frank R. Papagni, Jr., Assistant U.S. Attorney, Eugene, Oregon, for the appellee.

## ORDER

The petition for rehearing is DENIED.

The opinion filed on December 20, 2007, and appearing at 510 F.3d 1108 (9th Cir. 2007), is withdrawn. We substitute the amended opinion filed herewith. The amended opinion revises the statement of facts.

The previously filed opinion took the statement of facts from the presentence report, based upon what the presentence report says Ms. Ritch told the arresting officer. Ms. Ritch testified at the sentencing hearing that she had lied to the arresting officer and gave a different statement. Since the differences are immaterial to the legal analysis, we need not and do not resolve them.

Judges Kleinfeld and Bybee have voted to deny the petition for rehearing en banc, and Judge Thompson has recommended the same.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R. App. P. 35(b).

The petition for rehearing en banc is DENIED.

No further petitions for rehearing or for rehearing en banc may be filed.

---

## OPINION

KLEINFELD, Circuit Judge:

We construe aspects of the law criminalizing possession of firearms by felons and the Armed Career Criminal Act.

## FACTS

Gregg Crampton was driving Michelle Ritch and her two or three-year-old[1] around as he made a methamphetamine delivery. He realized his probation officer had seen him, so he sped away. They threw methamphetamine and needles out of the window. Crampton slowed and opened the door, and Ritch and her child left the moving car. The trooper chasing Crampton could not catch him, but later that day, the police found the car on a forest service road, with an empty gun case and a box of twenty-four .357 cartridges.

The next day Crampton called Ritch and threatened her. Fearing that he might visit, she called the police. The police got a warrant and arrested him at his house the day after that, and found another sixteen rounds of .357 ammunition in his pants pocket.

---

[1]Ms. Ritch's accounts varied as to this and a number of other details. All of the amendments in this revised opinion elide the facts that are unclear. None of the changes are material to the substance of the decision.

Crampton was indicted for two counts of being a felon in possession of firearms, one for the day of the high speed chase and one for the day he was arrested.[2] The indictment stated four prior felonies that would make Crampton eligible for enhanced punishment under the Armed Career Criminal Act.[3] Three were drug crimes, and one was possession of a sawed-off shotgun. He made unsuccessful pretrial motions, which preserved the issues we discuss below, pleaded guilty to both counts, and was sentenced to serve fifteen years in prison.

## ANALYSIS

Crampton raises four issues in his well-briefed appeal, all matters of law that we review de novo.[4]

## A. The Indictment

[1] Crampton argues that the indictment did not state an offense, because under Oregon law (the state of all four of his convictions) he was permitted to possess ammunition. Though

---

[2]"Crampton, having been previously convicted of . . . felony crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess one or more rounds of ammunition . . . in violation of Title 18, United States Code, Sections 922(g)(1); 924(e)." (Indictment 3-4).

[3]18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).").

[4]*See United States v. Smith*, 390 F.3d 661, 663 (9th Cir. 2004) ("We review de novo whether a conviction is a predicate felony for purposes of the ACCA."); *id.* ("We also review de novo whether the district court violated the constitutional rule articulated in *Apprendi*."); *United States v. Enslin*, 327 F.3d 788, 793 (9th Cir. 2003) ("[w]e review sufficiency of [an] indictment *de novo*").

he was indicted under federal law, there is a complicated interplay between federal and state law regarding felons possessing firearms.[5] We laid out what amounts to a flowchart of the interplay in *United States v. Valerio*:[6]

> When a court must determine whether a state conviction has been invalidated for purposes of the federal felon in possession statute, the federal statute requires the court to proceed along this path:
>
> 1. Use state law to determine whether the defendant has a "conviction." If not, the defendant is not guilty. If so, go to step 2.
>
> 2. Determine whether the conviction was expunged, set aside, the defendant was pardoned, or the defendant's civil rights were restored.[7] If not, the conviction stands. If so, go to step 3.
>
> 3. Determine whether the pardon, expungment, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the conviction stands. If not, the defendant is not guilty.

---

[5]18 U.S.C. § 921(a)(20)(B) ("What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.").

[6]*United States v. Valerio*, 441 F.3d 837, 840 (9th Cir. 2006).

[7]The Supreme Court recently held that "the words 'civil rights restored' do not cover the case of an offender who lost no civil rights." *Logan v. United States*, No. 06-6911, 552 U.S. ___, at 13 (December 4, 2007).

Crampton does not dispute whether he has past convictions for step one of the analysis. Step two is satisfied because Oregon law restores felons' civil rights "automatically upon discharge or parole from imprisonment . . . ."[8] The extent of restoration determines, under step three, whether an Oregon felon can be convicted under the federal felon in possession law.[9] Oregon's restoration of a felon's civil rights does not include restoration of a felon's right to possess a firearm because Or. Rev. Stat. § 166.270(1) provides that "[a]ny person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm." But Oregon does not define "firearm" to include cartridges.[10]

This case requires elaboration of step three of the *Valerio* flowchart. For this step, the federal statute has an "unless" exception: "unless . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[11] The federal statute has a general rule, that felons cannot possess guns, an exception for felons whose civil rights have been restored, and an exclusion from the exception where the state restoration of civil rights excludes guns. Oregon law does not prohibit felons from possessing ammunition,[12] but federal law does.[13] Since Crampton's pos-

---

[8]Or. Rev. Stat. § 137.281(7).

[9]*See United States v. Cardwell*, 967 F.2d 1349, 1350-51 (9th Cir. 1992). ("[I]n determining whether a restoration of civil rights expressly prohibits firearm possession, [a court] must look to the whole of state law at the time of the restoration.").

[10]Or. Rev. Stat. § 166.210(3) (" 'Firearm' means a weapon, by whatever name known, which is designed to expel a projectile by the action of powder and which is readily capable of use as a weapon.").

[11]18 U.S.C. § 921(a)(20)(B).

[12]*See* Or. Rev. Stat. § 166.270(1).

[13]18 U.S.C. § 922(g) ("It shall be unlawful for any person . . . who has

session of .357 cartridges was not prohibited by Oregon law, he contends that it was not prohibited by federal law.

Crampton relies on a case upholding his position, *United States v. Miller*.[14] In *Miller*, we held that because Oregon law did not prohibit possession of ammunition by an Oregon felon whose civil rights had been restored by operation of Oregon law, neither did the federal statute.[15] But after *Miller*, the Supreme Court came down the opposite way in *Caron v. United States*.[16]

*Caron* holds that under the "unless" clause, if the state convictions would count for some guns, "they count for all and bar possession of all guns."[17] State law determines whether under the "unless" clause a person's conviction still counts as a felony conviction for federal purposes.[18] If so, federal law, not state law, controls what firearms he may possess.[19]

**[2]** *Caron* has overruled *Miller* to the extent that under *Miller* state law would determine what kinds of firearms a felon whose civil rights had been restored could possess.[20] The federal felon in possession law prohibits possession of

been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any *firearm or ammunition*; or to receive any *firearm or ammunition* which has been shipped or transported in interstate or foreign commerce.") (emphasis added).

[14]*United States v. Miller*, 105 F.3d 552 (9th Cir. 1997).

[15]*Id.* at 554.

[16]*Caron v. United States*, 524 U.S. 308 (1998).

[17]*Id.* at 314.

[18]*Caron v. United States*, 524 U.S. 308, 316 (1998).

[19]*Id.*

[20]Under *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003), *Miller* is still good law with regard to the *scienter* requirement in the federal felon in possession law.

"any firearm or ammunition."[21] Now that we know from *Caron* that the federal law controls what Crampton could possess, it does not matter that Oregon did not criminalize Crampton's possession of ammunition. Federal law does. True, *Caron* involved possession of guns, and this case involves possession of ammunition. That is a distinction without a difference, because (1) *Caron* holds that we use federal law to determine what the felon may possess, and (2) the federal statute prohibits felons from possessing a "firearm or ammunition."[22]

## B.   Armed Career Criminal Act

The Armed Career Criminal Act imposes a fifteen-year minimum sentence on people with three prior convictions of sufficient seriousness.[23] Crampton argues that his predicate offenses were insufficiently serious to impose the harsher penalties under this statute.

### 1.   The Sawed-Off Shotgun

One of Crampton's convictions was for "unlawful possession of a short-barreled shotgun." The Oregon statute criminalized possession of "a machine gun, short-barreled rifle, short-barreled shotgun or firearms silencer." [24] For this state crime to be a predicate for the Armed Career Criminal Act, it has to be a "violent felony," defined for this purpose as "any crime punishable by imprisonment for a term exceeding one year . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves use of explo-

---

[21]18 U.S.C. § 922(g).

[22]*Id.*

[23]18 U.S.C. § 924(e).

[24]Or. Rev. Stat. § 166.272(1).

sives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[25]

To determine whether a conviction under state law qualifies as a violent felony, we use the categorical approach laid out by the Supreme Court in *Taylor v. United States*.[26] We look to see if all the conduct prohibited by relevant state law meets the ACCA's definition of a violent felony. Crampton argues possession should not be classed as a violent felony because (1) short-barreled shotguns theoretically may have legitimate uses, such as "snake control in the garden," and (2) the Oregon statute does not require a criminal purpose.

**[3]** Crampton's argument is foreclosed by controlling circuit precedent. We held in *United States v. Dunn*[27] and in *United States v. Amparo*[28] that possession of an unregistered short-barreled shotgun is a "crime of violence" even if it was never used and that the statute does not require violent use. Though we construed different penalty enhancements in those cases, the *ratio decidendi* applies and allows for no distinction. In *United States v. Serna*, we held that possession of a semiautomatic weapon categorized by statute as an illegal "assault weapon" was not a crime of violence, but took pains to distinguish sawed-off shotguns and silencers because "they have few, if any, legitimate uses."[29] Therefore, *Dunn* and *Amparo* are consistent with *Serna*.

### 2.  *The Drug Convictions*

Crampton's other three prior convictions are for drug crimes. He argues, correctly, that even though the statutory

---

[25]18 U.S.C. § 924(e)(2)(B).

[26]*Taylor v. United States*, 495 U.S. 575 (1990); *see also Shepard v. United States*, 544 U.S. 13 (2005).

[27]*United States v. Dunn*, 946 F.2d 615, 621 (9th Cir. 1991).

[28]*United States v. Amparo*, 68 F.3d 1222, 1225-26 (9th Cir. 1995).

[29]*United States v. Serna*, 435 F.3d 1046, 1048-49 (9th Cir. 2006).

maximum sentences for his convictions meet the ten year standard for seriousness under the Armed Career Criminal Act, the Oregon sentencing guidelines would make the maximum sentences lower than ten years. He argues further that the state sentencing guidelines have the force of law over the state statutory maximums, so his predicate offenses would not have the necessary ten year maximums for application of the federal sentencing enhancement.[30]

Crampton's argument is based on the Oregon Supreme Court decision in *State v. Dilts*.[31] There the Oregon Supreme Court upheld the Oregon sentencing guidelines against a *Blakely* challenge by determining that the trial court cannot apply enhancements above the guidelines, but within the statutory maximums, without a jury determination.[32]

**[4]** We are bound to reject Crampton's argument by our decision in *United States v. Parry*.[33] There, as in the case at bar, we confronted the question of whether Oregon drug offenses with statutory maximums greater than ten years but sentencing guidelines limiting the sentence to less than ten years were sufficient predicates for operation of the federal Armed Career Criminal Act. We held that they are.[34] We applied *United States v. Murillo*, which construed Washington law, and held that "the maximum sentence is the statutory

---

[30]The Armed Career Criminal Act defines "serious drug offense," in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with the intent to manufacture or distribute, a controlled substance . . . *for which a maximum term of imprisonment of ten years or more is prescribed by law*." 18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

[31]*State v. Dilts*, 103 P.3d 95 (Or. 2004).

[32]*Id.* at 100.

[33]*United States v. Parry*, 479 F.3d 722 (9th Cir. 2007). The *Parry* decision came down after the briefs in this case were filed. Defense counsel properly and candidly advised us of the case in a Fed. R. App. P. 28(j) letter.

[34]*Parry*, 479 F.3d at 726.

maximum sentence for the offense, not the maximum sentence available in the particular case under the sentencing guidelines."[35] Therefore, Crampton's drug convictions count as predicate offenses for the Armed Career Criminal Act.

### 3. *Almendarez-Torres*

Crampton argues that *Almendarez-Torres* should be limited in order to reconcile it with *Apprendi* and *Blakely*, so that the predicate crimes for application of the Armed Career Criminal Act require indictment and proof beyond a reasonable doubt to a jury. In this case the predicate crimes were charged in the indictment and Crampton pleaded guilty to the indictment, so the issue does not properly arise. If it did, it would be foreclosed by our holding in *United States v. Brown* that a jury did not need to "decide whether a prior conviction should be classified as a 'crime of violence' for the purpose of determining career-offender status" under the federal sentencing guidelines.[36] Thus, the *Almandarez-Torres* exception applies.

AFFIRMED.

---

[35]*Id.* (quoting *United States v. Murillo*, 422 F.3d 1152, 1154 (9th Cir. 2005).

[36]*United States v. Brown*, 417 F.3d 1077, 1079 (9th Cir. 2005) (per curium).