**Oscar Ulises MERCADO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73488.

United States Court of Appeals, Ninth Circuit.

Submitted April 10, 2008.*

Filed April 29, 2008.

Michael L. Jacob, Law Office of Michael L. Jacob, Bainbridge Island, WA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, OIL, Anthony C. Payne, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: REINHARDT, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Oscar Ulises Mercado appeals from the Board of Immigration Appeals' determination that he is ineligible for cancellation of removal due to being an alien convicted of a crime of moral turpitude. 8 U.S.C. § 1182(a)(2). Mercado argues that his conviction falls within the so-called "petty offense" exception for crimes where "the maximum penalty possible for the crime of which the alien was convicted ... did not exceed imprisonment for one year and ... the alien was not sentenced to a term of imprisonment in excess of 6 months," and therefore does not render him ineligible for cancellation of removal. 8 U.S.C. § 1182(a)(2)(ii).

Mercado was convicted of third-degree sodomy, a Class C felony under Oregon law. OR. REV. ST. § 163.385. By statute, "[t]he maximum term of an indeterminate sentence of imprisonment for a ... Class C felony" is 5 years. OR. REV. ST. § 161.605. Nevertheless, Mercado argues that to determine the maximum penalty possible for his crime we should, instead, look to the maximum sentence that he could have received under the Oregon Sentencing Guidelines, which he contends is 180 days, in light of his criminal history and the facts found in his case. Our precedent forecloses this argument. *See United States v. Parry*, 479 F.3d 722, 726 (9th Cir.2007) ("[F]or purposes of prosecution under 18 U.S.C. § 922(g)(1)[] the maxi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mum sentence is the statutory maximum sentence for the offense [as supplied by OR. REV. ST. § 161.605], not the maximum sentence available in the particular case under the sentencing guidelines.") (quoting *United States v. Murillo,* 422 F.3d 1152, 1154 (9th Cir.2005)).

AFFIRMED.

\*\* This disposition is not appropriate for publi-