**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Paul JONES, Defendant–
Appellant.**

**No. 08–30110.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

Frank Papagni, Office of U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Per C. Olson, Hoevet Boise & Olson PC, Portland, OR, for Defendant–Appellant.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Michael Paul Jones appeals the sentence imposed following his guilty plea to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He contends that district court erred in imposing a fifteen-year mandatory minimum term under the Armed Career Criminal Act on the basis that he had at least three previous convictions for a serious drug offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jones contends that his five prior Oregon convictions for delivery of a controlled substance were not serious drug offenses under 18 U.S.C. § 924(e)(2)(A)(ii) because, even though the maximum statutory term was ten years under Or.Rev.Stat. § 161.605(2), the state sentencing guidelines capped the term at ninety months. As Jones acknowledges, his contention is foreclosed. *See United States v. Mayer,* 560 F.3d 948, 962–63 (9th Cir.2009); *United States v. Parry,* 479 F.3d 722, 724–26 (9th Cir.), *cert. denied,* —— U.S. ——, 128 S.Ct. 249, 169 L.Ed.2d 183 (2007); *see also United States v. Rodriquez,* —— U.S. ——, 128 S.Ct. 1783, 1792, 170 L.Ed.2d 719 (2008) (holding that guidelines cap does not decrease maximum term of imprisonment for purposes of ACCA).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.