**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30009 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-30006-PA-1 |
| v. | |
| MATTHEW SHERIDAN DERBY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 4, 2010[**]
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Matthew Sheridan Derby appeals his sentence following his plea of guilty to

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Derby was sentenced to 180 months' imprisonment pursuant to the Armed Career

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). He argues that the district court erred in sentencing him to the ACCA mandatory minimum. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo whether a prior conviction is a predicate felony under the ACCA. *United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc). We affirm.

Derby's relevant criminal history includes prior convictions for: (1) unlawful delivery of methamphetamine, in violation of Or. Rev. Stat. § 475.890(2); (2) delivery of a controlled substance, in violation of Or. Rev. Stat. § 475.992(1)(B) (current version at Or. Rev. Stat. § 475.840); and (3) burglary in the first degree, in violation of Or. Rev. Stat. § 164.225. As explained below, these prior convictions are predicate offenses for purposes of the ACCA.

This court's precedent clearly holds that a violation of Oregon's first-degree burglary statute, Or. Rev. Stat. § 164.225, is a predicate violent felony for purposes of the ACCA. *United States v. Mayer*, 560 F.3d 948, 962 (9th Cir. 2009).

Similarly, violations of Or. Rev. Stat. §§ 475.890(2) and 475.992(1)(B) qualify as serious drug offenses for purposes of the ACCA. Under Oregon law, a person violates § 475.890(2) by "deliver[ing] methamphetamine." A person violates § 475.992(1)(B) by "manufactur[ing] or deliver[ing] a controlled substance."

2

Under the ACCA, a state conviction qualifies as a "serious drug offense" conviction if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Sections §§ 475.890(2) and 475.992(1)(B) are both class B felonies under Oregon law, which carry a maximum term of imprisonment of ten years. Or. Rev. Stat. § 161.605(2).

Derby argues that these prior drug convictions do not qualify as "serious drug offenses" under the ACCA because in both cases he faced a sentencing maximum of less than ten years under Oregon's sentencing guidelines. This argument is foreclosed by *United States v. Parry*, 479 F.3d 722, 724-25 (9th Cir. 2007), which held that the maximum sentence set forth in the *statute*, not Oregon's sentencing guidelines, determines the "maximum term of imprisonment" for purposes of the ACCA. Therefore, Derby's prior convictions for unlawful delivery of methamphetamine and delivery of a controlled substance are predicate offenses under the ACCA.

Derby also challenges the district court's determination that his prior conviction under Oregon's second-degree burglary statute was a violent felony for purposes of the ACCA. The government in turn argues that Derby's prior

3

convictions under Oregon's attempt to elude a police officer statute are violent felonies under the ACCA. We need not address these questions because Derby's prior convictions for first-degree burglary, unlawful delivery of methamphetamine, and delivery of a controlled substance are ACCA predicate offenses. With three predicate offenses, the district court properly determined that the ACCA enhancement applied to Derby.

**AFFIRMED.**