**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30000 |
| Plaintiff - Appellee, | D.C. No. 6:94-cr-60100-HO-1 |
| v. | |
| MICKEY DEAN BEATY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted June 26, 2012[**]

Before: SCHROEDER, HAWKINS and GOULD, Circuit Judges.

Mickey Dean Beaty appeals the 27-month sentence imposed after the district

court found that Beaty violated the terms of his supervised released by engaging in

new criminal conduct, including possession of methamphetamine. The district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

court determined that Beaty's methamphetamine possession constituted a Grade B violation under U.S.S.G. § 7B1.3, mandating revocation of his supervised release.

Beaty contends that the maximum sentence he could have received for the state law crimes of which he was accused was one year, and therefore the resulting supervised release violation fell within Grade C under U.S.S.G. § 7B1.1(a), and a sentencing range of 8-14 months. Beaty argues that the district court erred by looking to the maximum indeterminate sentence available for the state law crimes and by ignoring the shorter maximum determinate sentence provided by the Oregon Sentencing Guidelines. As Beaty acknowledges, his contention is foreclosed by this court's case law. *See United States v. Parry*, 479 F.3d 722, 724-25 (9th Cir. 2007); *United States v. Murillo*, 422 F.3d 1152, 1155 (9th Cir. 2005). We reject Beaty's request that we reconsider our case law. *See United States v. Mayer*, 560 F.3d 948, 963-64 (9th Cir. 2009) (following *Murillo* and *Parry* and noting that a 3-judge panel could not overrule another panel absent intervening Supreme Court authority).

**AFFIRMED**.