**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee/Cross-Appellant,*

v.

RYAN MICHAEL SNYDER,
*Defendant-Appellant/Cross-Appellee.*

Nos. 10-30148
and
10-30149

D.C. No.
1:09-cr-30033-
OMP-1

OPINION

Appeals from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submission deferred May 6, 2011*
Submitted June 30, 2011
Portland, Oregon

Filed June 30, 2011

Before: A. Wallace Tashima, Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Bea;
Concurrence by Judge Tashima

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Donald L. Scales, Medford, Oregon, Attorney for Snyder.

Douglas W. Fong, Assistant U.S. Attorney, Medford, Oregon, Kelly A. Zusman, Assistant U.S. Attorney, Portland, Oregon, Attorneys for the United States.

## OPINION

BEA, Circuit Judge:

Ryan Snyder pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He does not appeal his conviction.

At sentencing, the government requested a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), alleging Snyder had three prior convictions for violent felonies as defined in 18 U.S.C. § 924(e)(2):

> (1) On or about October 23, 2003, in the Josephine County Circuit Court, State of Oregon, Case No. 02-CR-0791, for burglary in the second degree and assault in the second degree, with a 50-month sentence;
>
> (2) On or about February 11, 2000, in the Josephine County Circuit Court, State of Oregon, Case No. 99-CR-0801, for burglary in the second degree, with a 6-month sentence;
>
> (3) On or about May 9, 1999, in the Josephine County Circuit Court, State of Oregon, Case No. 99-CR-0362, for felony attempt to elude, with a 6-month sentence.

The district court held Snyder's October 23, 2003 conviction for assault in the second degree was a predicate offense under ACCA. Neither party appeals that determination. We

have previously held that assault in the second degree in Oregon is a violent felony for ACCA. *United States v. Crews*, 621 F.3d 849, 852-53 (9th Cir. 2010).

The district court also held the February 11, 2000 conviction for burglary in the second degree under Oregon Revised Statutes ("ORS") § 164.215 was a predicate offense under ACCA. Snyder appeals that determination.

Finally, the district court held the May 9, 1999 conviction for felony attempt to elude the police ORS § 811.540(1) was not a predicate offence under ACCA. The government cross-appeals that determination.

Having found only two predicate offences, instead of three as required for a sentencing enhancement under ACCA, the district court did not apply the mandatory minimum sentence of 15 years (180 months) in 18 U.S.C. § 924(e)(2), and instead sentenced Snyder to the bottom of the Guidelines' Range—110 months.[1]

We review a district court's decision as to whether a prior conviction is a predicate felony under ACCA de novo. *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009). We affirm in part and reverse in part.

## A.   ACCA

ACCA defines a "violent felony" as any crime "punishable by imprisonment for a term exceeding one year" that:

(I)  has  as  an  element  the  use,  attempted  use,  or

---

[1]Under ACCA a person convicted of violating 18 U.S.C. § 922(g) faces a mandatory minimum sentence of 15 years if he has three or more previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e).

threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion is known as ACCA's "residual clause."

**B.   Although burglary in the second degree under ORS § 164.215 is not categorically a violent felony under ACCA, Snyder's conviction is a violent felony under the modified categorical approach.**

[1] We have already determined that burglary in the second degree under Oregon law "is not a categorical burglary for purposes of ACCA because it encompasses crimes that fall outside the federal definition of generic burglary." *United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007) (en banc).

Under the modified categorical approach, however, the original indictment together with the judgment of conviction proved Snyder necessarily admitted to facts constituting generic burglary. *See Shepard v. United States*, 544 U.S. 13, 16 (2005). Because the facts admitted constitute generic burglary, that alone is enough for it to be a predicate crime under ACCA. Congress decided that certain crimes were inherently violent ("burglary, arson, or extortion, involves use of explosives"), and thus there is no need to also prove the conduct otherwise presented "a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The indictment to which Snyder pleaded no contest in 2000 charged:

COUNT 3 (ORS 164.215 C-FEL)

> The defendant, on or about September 15, to September 16, 1999, in Josephine County, Oregon, did unlawfully and knowingly enter and remain in a building located at 1341 Rogue River Highway, (Friendly Motors) with the intent to commit the crime of theft therein.

The judgment of conviction stated Snyder pleaded no contest to Count 3.

**[2]** The federal generic definition of "burglary" under 18 U.S.C. § 924(e)(2)(B)(ii) is an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime. *Taylor v. United States*, 495 U.S. 575, 598 (1990). "[A]n offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.* at 602. Note that under the generic definition, the defendant needs only to enter or remain within a "building" not a home. This is because it is the mere "possibility of a violent confrontation" that makes burglary and attempted burglary violent felonies. *Id.* at 588, 597.

**[3]** Snyder makes two arguments as to why the district court erred in finding that his burglary conviction was a predicate offense under ACCA. First, he says that because he pleaded no contest to the above indictment, he has not pleaded guilty to all facts required to constitute generic burglary. Yet both the Supreme Court and this court have already held that convictions based on "no contest" pleas may establish ACCA predicate offenses under *Taylor*. *Shepard v. United States*, 544 U.S. 13, 19 (2005); *United States v. Smith*, 390 F.3d 661, 665 (9th Cir. 2004) ("no contest" plea and conviction thereon for California burglary qualified as a prior violent felony under ACCA); *United States v. Stephens*, 237 F.3d 1031, 1033-34 (9th Cir. 2001) ("no contest" plea and

conviction thereon for burglary qualified as "violent felony" under ACCA). This is because a defendant who pleads guilty or no contest to a count admits all facts alleged in that count. *See Stephens*, 237 F.3d at 1033-34.

**[4]** Under Oregon law, "[a] judgment following entry of a no contest plea is a conviction of the offense to which the plea is entered." ORS § 135.345. Other than traffic offenses, Oregon law provides that when a defendant pleads no contest, the judge must inform him of the rights he is waiving and the effect of the plea. One effect specified is that, "[w]hen the offense charged is one for which a different or additional penalty is authorized by reason of the fact that the defendant may be adjudged a dangerous offender, that this fact may be established after a plea in the present action, thereby subjecting the defendant to different or additional penalty." ORS § 135.385(c). A plea of "no contest" is different than a plea of guilty under Oregon law in that "[e]vidence that a person has entered a plea of no contest in the manner described in ORS 153.061(3)(b) to a charge of a traffic offense shall not be admitted as evidence in the trial of a subsequent civil action arising out of the same accident or occurrence." ORS § 41.905. But the Oregon statutes do not otherwise distinguish between guilty and no contest pleas as to misdemeanors versus felonies.

**[5]** Second, Snyder contends that because the term "building" in Oregon's second degree burglary statute, ORS § 164.215, is defined broadly, this court cannot presume the word "building" is intended in its ordinary sense. This is true under a categorical approach. Under Oregon law, a building, "in addition to its ordinary meaning includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." ORS § 164.205(1). *See also Mayer*, 560 F.3d at 959 (holding that first degree burglary under Oregon law is "broader than the definition of generic burglary because the statute does not limit burglary to 'building[s] or structure[s],'

but also includes non-structures (such as booths, vehicles, boats, and aircraft) that are regularly or intermittently used as lodgings") (brackets in original); *State v. Keys*, 419 P.2d 943 (Or. 1966) (upholding a second degree burglary conviction for entering a public telephone booth to steal change from the coin boxes).

**[6]** But the burglary indictment in Snyder's case did not simply allege he entered or remained in any unnamed building. It designated a specific building occupied by a business: "a building located at 1341 Rogue River Highway, (Friendly Motors)." In a similar case, this court held that an indictment that charged entering or remaining unlawfully "in a building, Beaver Sports, 3480 College Road," was sufficient to allege a generic burglary under *Taylor. Stephens*, 237 F.3d at 1034. For purposes of the modified categorical approach, the facts alleged in the indictment narrowed Alaska's general definition of a building. Using the term "building" together with a street address provided adequate proof, based solely on the documents of conviction, that the defendant was convicted of the entering or remaining in a "building" as that term is commonly used, and as is meant in the generic definition of burglary in *Taylor. Id.*

### C. Felony attempt to elude police under ORS § 811.540(1) is a violent felony under ACCA.

The government contends the district court erred in holding Snyder's conviction for felony attempt to elude police under ORS § 811.540(1) was not a violent felony under ACCA's "residual clause," which defines a violent felony as a crime that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

The indictment in Snyder's case, to which he pleaded no contest, alleged that:

> The defendant, on or about May 9, 1999, in Josephine County, Oregon, being an operator of a motor

vehicle upon Swarthout Drive, and having been given a signal to stop by a police officer, did unlawfully and knowingly, while still in the vehicle, attempt to elude a pursuing police officer.

Furthermore, the Pre-Sentence Report, to which Snyder did not object, stated:

On May 9, 1999, a victim reported to the Grants Pass Department of Public Safety that his Mazda sedan had been stolen. A few hours later, an officer observed the stolen vehicle and attempted a traffic stop by turning on his overhead lights. The defendant accelerated away from the officer and after a short pursuit, parked the car in a residential driveway. The defendant got out of the car and attempted to flee on foot. After a short foot chase, and after the defendant fell into a creek, he was taken into custody.

No other documents of conviction were admitted to prove the facts underlying the conviction.

**[7]** In *United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010), *aff'd*, ___ U.S. ___, 2011 WL 2224437 (June 9, 2011), the defendant pleaded guilty to being a felon in possession of a weapon. The government sought a sentence enhancement under ACCA. The Seventh Circuit held that "fleeing police in a vehicle in violation of Ind. Code § 35-44-3-3(b)(1)(A) is sufficiently similar to ACCA's enumerated crimes in kind, as well as the degree of risk posed, and counts as a violent felony under ACCA." *Id.* at 339. The Supreme Court affirmed, holding that vehicle flight, as proscribed by Indiana Code § 35-44-3-3(b)(1)(A) (2004), is a violent felony for purposes of ACCA, 18 U.S.C. § 924(e), because, as a categorical matter, the prohibition falls within § 924(e)(2)(B)(ii)'s residual clause in that vehicle flight presents a serious potential risk of physical injury to another. *Sykes*, 2011 WL 2224437, at *9.

**[8]** The statute at issue in *Sykes* is similar enough to the statute at issue here that the Supreme Court's *Sykes* ruling controls this case. ORS 811.540(1) provides:

> (1) A person commits the crime of fleeing or attempting to elude a police officer if:
>
> > (a) The person is operating a motor vehicle; and
> >
> > (b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:
> >
> > > (A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or
> > >
> > > (B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer.

Similarly, the statute Sykes was convicted of, Ind. Code § 35-44-3-3(b)(1)(A), makes the following a felony:

> A person who knowingly or intentionally:
>
> flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop; [and] the person uses a vehicle to commit the offense.

**[9]** Accordingly, we **reverse** the district court's ruling that Snyder's prior conviction for felony attempt to elude the police under ORS § 811.540(1) was not a violent felony under ACCA. We **affirm** the district court's ruling that Snyder's conviction for second degree burglary under ORS § 164.215 qualified as a violent felony under ACCA. Because Snyder has three prior violent felony convictions, we **remand** this case to the district court for resentencing under the mandatory minimum sentence of 15 years (180 months) in 18 U.S.C. § 914(e)(1), with credit for time served.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

---

TASHIMA, Circuit Judge, concurring:

I concur fully in the majority opinion, but concur in Part B only under the compulsion of *United States v. Stephens*, 237 F.3d 1031 (9th Cir. 2001).

In *United States v. Grisel*, 488 F.3d 844, 851 (9th Cir. 2007) (en banc), we recognized that the Oregon definition of burglary was broader than the generic definition because, under Oregon law, a "building," "in addition to its ordinary meaning includes any booth, vehicle, boat, aircraft, or other structure adapted for overnight accommodation of persons or for carrying on business therein." Maj. Op. at 8874 (quoting Or. Rev. Stat. § 164.205(1)). But, relying on *Stephens*, 237 F.3d at 1034, the majority holds that "[f]or purposes of the modified categorical approach, the facts alleged in the indictment narrowed Oregon's general definition of a building. Using the term building together with a street address provided adequate proof . . . that the defendant had pleaded guilty to entering or remaining in a 'building' as that term is com-

monly used, and as is meant in the generic definition of burglary in *Taylor*."[1] Maj. Op. at 8875.

But just because the broad statutory term "building" is accompanied by a street address does not necessarily make the statutory term more narrow or precise. "Building" still means "building," as defined in the statute. The notion that, for purposes of applying the modified categorical approach, accompanying the statutory term "building" with a street address narrows the meaning of the term to mean less than what the statute defines it to mean does not withstand scrutiny. The indictment could just as well have alleged that the defendant entered a trailer located at 1341 Rogue River Highway. Any term can be accompanied by a street address. For all we know from the indictment, 1341 Rogue River Highway could be the address of a five or ten acre lot full of trucks, trailers, RVs, booths, and sheds, as well as the site of a generic building. Thus, for purposes of the modified categorical approach, accompanying the statutory term "building" with a street address does nothing, categorically, to aid the analysis. In short, I disagree that the mere accompaniment of the statutory term "building" with a street address necessarily narrows the statutory term to the "commonly used" term "meant in the generic definition of burglary in *Taylor*."

Nonetheless, I recognize that we are bound by *Stephens* mistaken notion that use of a street address narrows the statutory term. I, thus, reluctantly concur.

---

[1] The indictment alleged that the defendant entered "a building located at 1341 Rogue River Highway, (Friendly Motors) with the intent to commit the crime of theft therein."