**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JORGE ARMANDO CISNEROS,
*Defendant-Appellant*.

No. 13-30066

D.C. No.
1:11-cr-30051-PA-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted May 13, 2014[*]
Portland, Oregon

Filed August 19, 2014

Before: Alfred T. Goodwin, Sandra S. Ikuta,
and N. Randy Smith, Circuit Judges.

Opinion by Judge N.R. Smith

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

---

### Criminal Law

The panel affirmed the district court's imposition of a mandatory minimum sentence of 180 months' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (ACCA).

The district court determined that six of the defendant's past convictions – three convictions for fleeing or attempting to elude a police officer in violation of Oregon Revised Statutes § 811.540(1), two convictions for first-degree burglary in violation of Oregon Revised Statutes § 164.225, and one conviction for conspiracy to commit delivery of a controlled substance in violation of Oregon Revised Statutes §§ 161.450 and 475.752 – qualify as predicate offenses under ACCA.

The defendant conceded that his drug offense qualifies as an ACCA predicate offense.

The panel held that *Descamps v. United States*, 133 S. Ct. 2276 (2013), did not undermine *United States v. Snyder*, 643 F.3d 694 (9th Cir. 2011), which held that an Oregon conviction for fleeing or attempting to elude a police officer qualifies as a violent felony under ACCA's residual clause. Answering a question this court had no reason to ask in *Snyder*, the panel held that because § 811.540(1) contains alternative elements for fleeing from a police officer in a

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

vehicle and fleeing on foot, the statute is divisible, and the panel could review the charging documents to confirm that the defendant was convicted for vehicular flight, which constitutes a "violent felony" under ACCA's residual clause. Observing that each indictment establishes that the defendant was convicted of vehicular flight pursuant to § 811.540(1)(b)(A), the panel concluded that all three of the defendant's convictions for fleeing or attempting to elude police officers qualify as violent felonies under ACCA's residual clause.

The panel rejected the defendant's contention that ACCA's residual clause is unconstitutionally vague.

The panel likewise held that *Descamps* did not undermine *United States v. Mayer*, 560 F.3d 948 (9th Cir. 2009), which held that a conviction for first-degree burglary in violation of § 164.225 qualifies as a violent felony under ACCA's residual clause. The panel concluded that *Mayer* therefore applies to the defendant's first-degree burglary convictions, which means those convictions qualify as predicate offenses under ACCA.

## COUNSEL

Brian C. Butler (argued), Assistant Federal Public Defender, Federal Public Defender's Office, Medford, Oregon, for Defendant-Appellant.

Douglas W. Fong (argued), Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; and S. Amanda Marshall, United States Attorney, Office of the United States Attorney, Medford, Oregon, for Plaintiff-Appellee.

**OPINION**

N.R. SMITH, Circuit Judge:

Jorge Armando Cisneros appeals the district court's decision that six of his past convictions—three convictions for fleeing or attempting to elude a police officer, two convictions for first-degree burglary, and one conviction for conspiracy to commit delivery of a controlled substance—qualify as predicate offenses under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). Cisneros concedes that his drug offense qualifies as an ACCA predicate offense under *United States v. Parry*, 479 F.3d 722, 724–25 (9th Cir. 2007).[1]  Therefore, only two more of his convictions must qualify as ACCA predicate offenses for Cisneros to receive ACCA's mandatory minimum sentence of 180 months' imprisonment. *See* 18 U.S.C. § 924(e)(1).

Cisneros's three convictions for fleeing or attempting to elude police officers under Oregon Revised Statutes section 811.540(1) constitute "violent felon[ies]" under ACCA's residual clause.   Because section 811.540(1) contains alternative elements for fleeing from a police officer in a vehicle and fleeing on foot, the statute is divisible. *See Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). We may therefore review the charging documents to confirm that Cisneros was convicted for vehicular flight, *see id.* at 2284, which constitutes a "violent felony" under ACCA's residual clause, *see United States v. Snyder*, 643 F.3d 694, 699-700 (9th Cir. 2011).  Given Cisneros's three convictions

---

[1] We reject Cisneros's argument that *Parry* was wrongly decided, as a "three-judge panel may not overrule a prior decision of the court." *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

under section 811.540(1) and his drug offense, the district court properly sentenced Cisneros to 180 months' imprisonment under ACCA. *See* 18 U.S.C. § 924(e)(1).

Nevertheless, because the district court also decided that Cisneros's convictions for first-degree burglary qualified as predicate offenses, we address those convictions as well. We have already held that a conviction for first-degree burglary under Oregon Revised Statutes section 164.225 qualifies as a "violent felony" under ACCA's residual clause. *United States v. Mayer*, 560 F.3d 948, 954 (9th Cir. 2009). Because the Supreme Court "express[ed] no view" on *Mayer* when it decided *Descamps*, 133 S. Ct. at 2293 n.6, *Mayer* remains the law of the Ninth Circuit. Thus, Cisneros's past convictions under Oregon Revised Statutes sections 811.540(1)(A) and 164.225 qualify as predicate offenses under ACCA. Accordingly, we affirm the district court.

## FACTS

On November 26, 2012, Cisneros pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government sought to enhance Cisneros's sentence under ACCA. *See* 18 U.S.C. § 924(e). The government based its proposed sentence enhancement on six of Cisneros's prior convictions: three convictions for fleeing or attempting to elude a police officer, Or. Rev. Stat. § 811.540(1), two convictions for first-degree burglary, *id.* § 164.225, and one conviction for conspiracy to deliver a controlled substance, *see id.* §§ 161.450, 475.752. The district court held that all six of the prior convictions qualified as ACCA predicate offenses and sentenced Cisneros to the mandatory minimum of 180 months in prison.

## STANDARD OF REVIEW

We review de novo whether Cisneros's prior convictions qualify as predicate offenses under ACCA. *United States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014).

## DISCUSSION

ACCA prescribes a mandatory minimum sentence of fifteen years imprisonment for any felon who unlawfully possesses a firearm and who has three or more prior convictions for a "violent felony." *See* 18 U.S.C. § 924 (e)(1). Under ACCA's "residual clause," the definition of "violent felony" includes any crime punishable by more than one year's imprisonment that "involves conduct that presents a serious potential risk of physical injury to another." *See id.* § 924(e)(2)(B)(ii).

We have previously held that convictions pursuant to Oregon's first-degree burglary statute and Oregon's fleeing or attempting to elude a police officer statute qualify as violent felonies under ACCA's residual clause. *See Snyder*, 643 F.3d at 699–700 (fleeing or attempting to elude a police officer); *Mayer*, 560 F.3d at 954 (first-degree burglary). After we decided *Snyder* and *Mayer*, the Supreme Court clarified that, in deciding whether a conviction qualifies as a violent felony under ACCA, courts may not review documents relevant to the conviction "when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 133 S. Ct. at 2282.

Cisneros argues that *Descamps* implicitly overruled *Snyder* and *Mayer*. "Although a three judge panel normally cannot overrule a decision of a prior panel on a controlling

question of law, we may overrule prior circuit authority without taking the case en banc when an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1123 (9th Cir. 2002) (internal quotation marks and citation omitted). However, *Descamps* did not undermine *Snyder* or *Mayer*; both cases remain the law of the Ninth Circuit.

**1. Attempting to Elude a Police Officer.**

In Oregon,

> [a] person commits the crime of fleeing or attempting to elude a police officer if:
>
>> (a) The person is operating a motor vehicle; and
>>
>> (b) A police officer . . . gives a visual or audible signal to bring the vehicle to a stop, . . . and either:
>>
>>> (A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or
>>>
>>> (B) The person gets out of the vehicle and knowingly flees or attempts to elude the police officer.

Or. Rev. Stat. § 811.540(1). *Snyder* held that violating this statute's prohibition on vehicular flight constitutes a violent felony under ACCA's residual clause. *See* 643 F.3d at 699.

*Snyder* relied on *United States v. Sykes*, 131 S. Ct. 2267 (2011), in which the Supreme Court held that an Indiana statute prohibiting vehicular flight qualified as a violent felony, "because, as a categorical matter, the prohibition falls within [ACCA's] residual clause in that vehicle flight presents a serious potential risk of physical injury to another." 643 F.3d at 699 (citing *Sykes*, 131 S. Ct. at 2275–76). Comparing the portion of the Oregon statute that prohibits vehicular flight to the Indiana statute, *Snyder* held that the "statute at issue in *Sykes* is similar enough to the statute at issue here that the Supreme Court's *Sykes* ruling controls this case." *Id.*

Our analysis in *Synder* could prove problematic, because we zeroed in on vehicular flight after reviewing the indictment in Snyder's case, *see id.*, a practice *Descamps* allows only when the statute is divisible, 133 S. Ct. at 2281–82. Of course, *Snyder* predates *Descamps*, which means we had no reason to embark on a divisibility inquiry at the time we decided *Snyder*. Thus, we must now answer the question we had no reason to ask in *Snyder* (whether section 811.540(1) is divisible).

If section 811.540(1) is divisible, *Snyder*'s review of the indictment would be permissible—even post-*Descamps*. Consequently, *Snyder* would remain good law, and a violation of section 811.540(1) by vehicular flight would qualify as a violent felony. However, if section 811.540(1) is indivisible, *Snyder*'s review of the indictment would be prohibited by *Descamps*. Under these circumstances, we would be required to consider the statute anew, as a whole, rather than relying on *Snyder*'s analysis, which focused on vehicular flight.

We have little problem concluding that Oregon's fleeing or attempting to elude a police officer statute is divisible. By separating flight in a vehicle and flight on foot, the statute "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). In fact, the statute separates itself into two different crimes, dictating flight in a vehicle constitutes a felony while flight on foot constitutes a misdemeanor. Or. Rev. Stat. § 811.540(3).

Oregon's jury instructions support the conclusion that the statute is divisible: section 811.540(1)(b)(A) uses an entirely different instruction than section 811.540(1)(b)(B). *See* UCrJI 2720 ("Fleeing or Attempting to Elude a Police Officer (While Still in the Vehicle)"); UCrJI 2721 ("Fleeing or Attempting to Elude a Police Officer (Out of the Vehicle)"). According to the jury instructions, both crimes require that the state prove five elements. Four of the elements are the exact same, but the fifth element is different for each crime. *Compare* UCrJI 2720 ("[*Defendant's name*], while still in the vehicle, knowingly fled or attempted to elude a pursuing police officer.") *with* UCrJI 2721 ("[*Defendant's name*] got out of the vehicle and knowingly fled or attempted to elude the police officer."). These alternative elements make the statute divisible. *See Descamps*, 133 S. Ct. at 2285.

Cisneros insists that *Snyder*'s failure to address divisibility, as required by *Descamps*, means that *Snyder* no longer carries any precedential value. However, *Descamps*'s imposition of a divisibility requirement does not give us carte blanche to run roughshod over all of *Snyder*'s legal conclusions. Intervening Supreme Court authority only overrules past circuit precedent to the extent that the Supreme

Court decision "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *See Miller*, 335 F.3d at 900. The divisibility of section 811.540(1) means *Snyder* can be reconciled with *Descamps*. We are therefore duty-bound to follow *Snyder*.

In sum, Oregon Revised Statutes section 811.540(1), which prohibits flight or eluding a police officer, is divisible as to flight on foot and flight in a vehicle. *See Descamps*, 133 S. Ct. at 2285. Pursuant to *Descamps*, a court reviewing a conviction under section 811.540(1) may consult permissible documents to determine which alternative element played a part in the defendant's conviction. *See id.* at 2283; *see also Shepard v. United States*, 544 U.S. 13, 16 (2005) (holding that under the modified categorical approach, a court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented"). Where these documents show that the defendant was convicted of vehicular flight under section 811.540(1)(b)(A), the conviction constitutes a "violent felony" under the residual clause of ACCA. *See Snyder*, 643 F.3d at 699.

In the case at hand, all three of Cisneros's indictments for fleeing or attempting to elude a police officer use identical language, except for the date of the offense and the premises on which the offense was committed:

> The defendant, on or about [date], in Jackson County, Oregon, being an operator of a motor vehicle upon [a public highway/premises open to the public], and having been given a visible

and audible signal to stop by a police officer, who was operating a vehicle appropriately marked showing it to be an official police vehicle, did unlawfully and knowingly, while still in the vehicle, attempt to elude the police officer.

Each indictment establishes that Cisneros was convicted of vehicular flight pursuant to Oregon Revised Statutes section 811.540(1)(b)(A). Therefore, all three of Cisneros's convictions for fleeing or attempting to elude police officers qualify as violent felonies under ACCA's residual clause.[2]

### 2. First-degree burglary in Oregon.

In Oregon, a person commits the crime of first-degree burglary "if the person enters or remains unlawfully in a building with intent to commit a crime therein," Or. Rev. Stat. § 164.215, and "the building is a dwelling," *id.* § 164.225. Cisneros argues that Oregon's first-degree burglary statute does not qualify as a violent felony under ACCA's residual clause. We reached the opposite conclusion in *Mayer*. 560 F.3d at 954. We reasoned that the appropriate inquiry was whether, "'in the ordinary case,' conduct falling within the state statute presents" a serious potential risk of physical injury. *Id.* at 960 (quoting *James*, 550 U.S. at 208). In making that inquiry, we concluded that the statute fell within ACCA's residual clause, because it "categorically poses a serious potential risk of physical injury to people present in a dwelling at the time of a burglary, and to people

---

[2] We reject Cisneros's claim that ACCA's residual clause is unconstitutionally vague. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007).

in the immediate area of a building if a confrontation does occur." *Id.* at 963.

Cisneros again asserts that *Descamps* constitutes intervening, superseding Supreme Court authority. He argues that *Mayer* impermissibly "engaged in the kind of fact-based inquiry rejected by the Supreme Court in *Descamps*." However, Cisneros points to nothing in *Mayer*'s analysis to show that the *Mayer* court looked at the facts underlying Mayer's conviction.

Instead, Cisneros disagrees with how *Mayer* applied ACCA's residual clause to Oregon's first-degree burglary statute. Specifically, he argues that the "proper inquiry is not how the statute is interpreted most of the time, but whether it has been interpreted to include conduct that does not involve dangerous conduct." In effect, Cisneros takes issue with *Mayer*'s use of an inquiry focused on the "ordinary case."

However, *Mayer*'s decision to use the ordinary-case analysis has nothing to do with the kind of fact-based inquiry rejected by the Supreme Court in *Descamps*. *Descamps* did not address how the categorical approach should be applied in the context of ACCA's residual clause, because the government forfeited its residual clause argument. 133 S. Ct. at 2293 n.6. More to the point, *Descamps* went out of its way to make clear that it "express[ed] no view" on *Mayer*'s holding. 133 S. Ct. at 2293 n.6. This explicit disclaimer means *Descamps* could not have disturbed *Mayer*'s conclusion that a "prior conviction for first-degree burglary in Oregon [is] a predicate 'violent felony' under the residual clause of the [ACCA]." *See* 560 F.3d at 954. *Mayer* therefore applies to Cisneros's first-degree burglary

convictions, which means those convictions qualify as violent offenses for purposes of ACCA.[3]

## CONCLUSION

Cisneros's convictions in Oregon for fleeing or attempting to elude police officers and first-degree burglary qualify as predicate offenses under ACCA's residual clause. Therefore, the district court did not err in sentencing Cisneros to the minimum 180 months' imprisonment prescribed by ACCA.

**AFFIRMED.**

---

[3] Because Oregon's first-degree burglary statute qualifies as a violent felony under ACCA's residual clause, we need not decide whether it also qualifies as a violent felony under ACCA's burglary clause.