**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

MICHAEL ANTHONY MARTINEZ,
*Defendant-Appellant*.

No. 13-10563

D.C. No.
1:12-cr-00312-
LJO-SKO-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
September 10, 2014—San Francisco, California

Filed November 14, 2014

Before: Mary M. Schroeder, John B. Owens,
and Michelle T. Friedland, Circuit Judges.

Opinion by Judge Owens

## SUMMARY[*]

### Criminal Law

Affirming a fifteen-year mandatory-minimum sentence imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), the panel held that the defendant's prior conviction under California Vehicle Code § 2800.2 for vehicle flight from a pursuing peace officer was a "violent felony" under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).

The panel rejected as foreclosed the defendant's arguments that the ACCA's residual clause is unconstitutionally vague as applied to his prior conviction for vehicle flight and that the district court's application of the residual clause violated *Apprendi v. New Jersey*. Because the residual clause as applied to § 2800.2 is not ambiguous, the panel held that the rule of lenity is not applicable.

## COUNSEL

Peggy Sasso (argued) and Janet Bateman, Assistant Federal Defenders; Heather E. Williams, Federal Defender, Federal Public Defender's Office, Fresno, California, for Defendant-Appellant.

Kimberly A. Sanchez (argued) and Laurel J. Montoya, Assistant United States Attorneys; Benjamin B. Wagner,

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

United States Attorney; Camil A. Skipper, Appellate Chief, Office of the United States Attorney, Fresno, California, for Plaintiff-Appellee.

## OPINION

OWENS, Circuit Judge:

Michael Anthony Martinez appeals his fifteen-year mandatory-minimum sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Martinez contends that the district court erred in concluding that his prior conviction under California Vehicle Code § 2800.2, vehicle flight from a pursuing peace officer, was a "violent felony" under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).  We affirm.[1]

## I.  BACKGROUND

Martinez pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the parties disputed whether Martinez's criminal history included three prior "violent felony" convictions.  If it did, he would qualify as an armed career criminal and face the ACCA's fifteen-year mandatory-minimum sentence.

---

[1] We grant Martinez's requests for judicial notice of our own records and district court records in other cases.  *See* Fed. R. Evid. 201(b)(2) (permitting judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

Martinez conceded that he had two prior violent felonies for domestic violence, but argued that his 2006 California Vehicle Code § 2800.2 conviction was not a violent felony under the ACCA.  The district court held that Martinez's conviction under section 2800.2 was an ACCA predicate violent felony, and imposed a mandatory-minimum sentence of fifteen years.

## II.  DISCUSSION

We review de novo whether California Vehicle Code § 2800.2 is an ACCA predicate violent felony.  *See United States v. Grisel*, 488 F.3d 844, 846 (9th Cir. 2007) (en banc).

## A.  Legal Framework of the ACCA's Residual Clause

A defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g).  *See* 18 U.S.C. § 924(e).  "Violent felony" is defined, in relevant part, as any crime that "is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*"  *Id.* § 924(e)(2)(B)(ii) (emphasis added).  This last italicized phrase is known as the "residual clause."  *United States v. Snyder*, 643 F.3d 694, 697 (9th Cir. 2011).

A two-prong test determines whether an offense is categorically "violent" under the residual clause.[2]  *United*

---

[2] We apply the "categorical approach," which "consider[s] the offense generically, . . . examin[ing] it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."  *Begay v. United States*, 553 U.S. 137, 141

*States v. Chandler*, 743 F.3d 648, 650 (9th Cir. 2014) (per curiam). "First, the conduct encompassed by the elements of the offense, in the ordinary case, must present[ ] a serious potential risk of physical injury to another." *Id.* (alteration in original) (internal quotation marks omitted). "Second, the state offense must be 'roughly similar, in kind as well as in degree of risk posed' to those offenses enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives." *Id.* (internal quotation marks omitted). "The inquiry under [the] first prong is straightforward." *Id*. "But the second requirement—whether the state offense is 'roughly similar, in kind as well as in degree of risk posed' to those offenses enumerated at the beginning of the residual clause—is more complicated, and must be addressed in light of the Supreme Court's quartet of ACCA cases." *Id.* at 650–51 (internal quotation marks omitted).

In *James*, the Supreme Court held that the second prong should focus on whether the risk posed by the state offense "is comparable to that posed by its closest analog among the enumerated offenses." *James v. United States*, 550 U.S. 192, 203 (2007). However, in *Begay*, the Court held that a state conviction for driving under the influence was not categorically violent under the ACCA because it did not "involve purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 144–45 (internal quotation marks omitted). Likewise, in *Chambers*, the Court applied *Begay*'s

---

(2008). For "divisible" statutes, which permit conviction under alternative sets of elements, a court may apply a "modified categorical approach" and also consult a limited set of documents. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The parties do not contend that the modified categorical approach applies here.

"purposeful, violent, and aggressive conduct" formula to conclude that a state conviction for failing to report for penal confinement was not categorically violent under the ACCA. *Chambers v. United States*, 555 U.S. 122, 128 (2009) (internal quotation marks omitted). Finally, in *Sykes*, the Court's most recent ACCA residual clause opinion, the Court returned to focusing on the level of risk posed by the state offense at issue as compared with the level of risk posed by the enumerated offenses. *Sykes v. United States*, 131 S. Ct. 2267, 2273–75 (2011) ("In general, levels of risk divide crimes that qualify from those that do not.").

We have interpreted *Sykes* to mean that *Begay*'s "'purposeful, violent, and aggressive formulation' is only dispositive in cases involving a strict liability, negligence, or recklessness offense—such as driving under the influence— and does not apply to intentional crimes." *Chandler*, 743 F.3d at 651 (internal quotation marks omitted).

## B. Application to California Vehicle Code § 2800.2

With this legal framework in mind, we must determine whether California Vehicle Code § 2800.2 is "violent" under the ACCA. One violates section 2800.2 if he "flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property."[3] Cal. Veh. Code § 2800.2(a). Section 2800.2 incorporates, and

---

[3] Section 2800.2 defines "willful or wanton disregard for the safety of persons or property" as including, but not limited to, driving during which "three or more [traffic] violations [occur] . . . or damage to property occurs." Cal. Veh. Code § 2800.2(b).

therefore requires, a violation of section 2800.1, which provides:

> Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor . . . if all of the following conditions exist:
>
> (1) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.
>
> (2) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.
>
> (3) The peace officer's motor vehicle is distinctively marked.
>
> (4) The peace officer's motor vehicle is operated by a peace officer, . . . and that peace officer is wearing a distinctive uniform.

Cal. Veh. Code § 2800.1(a). A violation of section 2800.2 is a felony, while a violation of section 2800.1 is a misdemeanor. *See People v. Acevedo*, 129 Cal. Rptr. 2d 270, 272 (Ct. App. 2003).

In *Sykes*, the Supreme Court considered a similar Indiana statute and held that "[f]elony vehicle flight is a violent felony for purposes of ACCA" under the residual clause.

*Sykes*, 131 S. Ct. at 2277.  The Court reasoned that vehicle flight from police inherently poses a serious potential risk to the safety of pedestrians and other drivers, as well as a risk of violent confrontation with police.  *Id.* at 2273–74.  The Court also reasoned that the degree of danger involved in vehicle flight is comparable to, and maybe even greater than, the dangers involved in the residual clause's enumerated offenses of arson and burglary.  *Id.* at 2273–75.  The Court distinguished *Begay* on the ground that the Indiana vehicle flight statute "has a stringent *mens rea* requirement."  *Id.* at 2275–76.  Under the Indiana statute, "[v]iolators must act 'knowingly or intentionally,'" while the statute in *Begay* was not "violent" in part because it did not require purposeful or deliberate conduct and was similar to strict liability, negligence, and recklessness crimes.  *Id.* (quoting Ind. Code § 35-44-3-3(a)).  Following *Sykes*, we held that a conviction under Oregon's vehicle flight statute is also a violent felony under the ACCA.  *See Snyder*, 643 F.3d at 699–700 ("The statute at issue in *Sykes* is similar enough to the statute at issue here that the Supreme Court's *Sykes* ruling controls this case."); *see also United States v. Cisneros*, 763 F.3d 1236, 1239–40 (9th Cir. 2014) (holding that *Snyder* remains good law after *Descamps*).

Despite the Supreme Court's holding in *Sykes* that vehicle flight is a violent felony under the ACCA, Martinez contends that section 2800.2 is distinguishable because it has a lesser *mens rea* than the Indiana statute.  Specifically, Martinez contends that the California statute allows for a conviction for *recklessly* evading the police, while the Indiana statute requires *knowingly or intentionally* evading the police, and therefore *Begay*'s requirement of "purposeful, violent, and aggressive" conduct, rather than the analysis in *Sykes*, applies.

Martinez draws a distinction where there is none. The California vehicle flight statute, like the Indiana statute in *Sykes*, requires intentional conduct. The plain language of section 2800.1 covers "[a]ny person who, while operating a motor vehicle and with the *intent to evade*, *willfully* flees or otherwise attempts to elude a pursuing peace officer's motor vehicle." Cal. Veh. Code § 2800.1(a) (emphasis added); *see also* Judicial Council of Cal. Crim. Jury Instruction No. 2181 (providing in model jury instruction for sections 2800.1(a) and 2800.2 that "[s]omeone commits an act *willfully* when he or she does it willingly or on purpose").

Nonetheless, Martinez argues the California vehicle flight statute requires only a *mens rea* of recklessness because it can be violated whether or not an individual knows that he is evading a police officer so long as a reasonable person would have known he was being pursued by police. Martinez relies on section 2800.1's requirement that "the person either sees *or reasonably should have seen*" the lighted red lamp on the police officer's vehicle. Cal. Veh. Code § 2800.1(a)(1) (emphasis added). Martinez also relies on California case law, which supports that an individual can be convicted under sections 2800.1 or 2800.2 if he reasonably should have known he was being pursued by the police.[4] These

---

[4] *See, e.g.*, *People v. Hudson*, 136 P.3d 168, 173 (Cal. 2006) (holding that "for purposes of section 2800.1, a pursuing peace officer's vehicle is 'distinctively marked' if its outward appearance during the pursuit exhibits, *in addition to* a red light and a siren, one or more features that are reasonably visible to other drivers and distinguish it from vehicles not used for law enforcement so as to give reasonable notice to the fleeing motorist that the pursuit is by the police"); *People v. Estrella*, 37 Cal. Rptr. 2d 383, 388 (Ct. App. 1995) (explaining that the relevant question in determining whether an officer's vehicle is "distinctively marked" is

requirements, however, concern alerting an individual that pursuit is by the police and do not undermine the conclusion that the California vehicle flight statute requires intentionally evading the police. *See Hudson*, 136 P.3d at 173 n.2 ("'Although the legislative history of section 2800.1 does not reflect the reason for the statute's requirement the vehicle be distinctively marked, it is not mere speculation to assume that the purpose is to protect the public at large and women in particular from being required to stop for anyone at night flashing a red light and sounding a siren.'" (quoting *Estrella*, 37 Cal. Rptr. 2d at 388 n.4)).

We conclude that the California vehicle flight statute is sufficiently similar to the Indiana vehicle flight statute in *Sykes*, as well as the Oregon vehicle flight statute in *Snyder*, for those cases to require us to reject Martinez's *mens rea* argument. For example, even though the Supreme Court did not expressly consider it, Indiana case law holds that the statute at issue in *Sykes* also allows a defendant to be convicted if he "knew *or had reason to know* that the person resisted was a police officer." *Mason v. State*, 944 N.E.2d 68, 71 (Ind. Ct. App. 2011) (emphasis added); *see also Sykes*, 131 S. Ct. at 2280 (Thomas, J., concurring) (citing *Mason*). In addition, like the California statute, the Indiana and Oregon statutes also require that the law enforcement officer alert the defendant of the officer's presence and that the defendant knowingly or intentionally flee law enforcement in a vehicle. *See Sykes*, 131 S. Ct. at 2271 (citing Ind. Code § 35-44-3-3); *Snyder*, 643 F.3d at 699 (citing Or. Rev. Stat. § 811.540(1)).

---

"does the person know or reasonably should know that a police vehicle is in pursuit?").

Our decision in *Penuliar v. Mukasey*, 528 F.3d 603, 609–10 (9th Cir. 2008), which held that a violation of section 2800.2 was not a "crime of violence" in the immigration context under 18 U.S.C. § 16, is no longer good law in light of the Supreme Court's decision in *Sykes*. As discussed above, *Sykes* held that vehicle flight from police inherently poses a serious potential risk, and that knowingly and intentionally evading police therefore constitutes a violent felony under the ACCA. *See Sykes*, 131 S. Ct. at 2273–74. We cannot reconcile the holding in *Penuliar* with the Supreme Court's opinion in *Sykes*, so *Sykes*, not *Penuliar*, binds us. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Moreover, following *Sykes*, other circuits have uniformly held that vehicle flight is a "violent felony" or "crime of violence."[5] The Eighth Circuit's decision in *United States v. Pate*, 754 F.3d 550, 555–56 (8th Cir. 2014), which held that Minnesota's vehicle flight statute was a violent felony under

---

[5] *See, e.g.*, *United States v. Jones*, 740 F.3d 127, 137–38 (3d Cir. 2014) (Pennsylvania misdemeanor vehicle flight is a "crime of violence" under the Sentencing Guidelines); *United States v. Petite*, 703 F.3d 1290, 1292, 1301 (11th Cir. 2013) (Florida vehicle flight, which requires "willfully" eluding law enforcement, is a "violent felony" under the ACCA); *United States v. Tillery*, 702 F.3d 170, 176–77 (4th Cir. 2012) (Virginia vehicle flight is a "crime of violence" under the Sentencing Guidelines); *United States v. Doyle*, 678 F.3d 429, 432, 437 (6th Cir. 2012) (Tennessee vehicle flight, which requires "intentionally" eluding law enforcement, is a "violent felony" under the ACCA); *United States v. Thomas*, 643 F.3d 802, 803, 806 (10th Cir. 2011) (Kansas vehicle flight, which requires "willfully" eluding law enforcement, is a "crime of violence" under the Sentencing Guidelines). There is no meaningful distinction between the definition of "violent felony" in the ACCA and "crime of violence" in the Sentencing Guidelines' Career Offender enhancement. *See Chandler*, 743 F.3d at 650.

the ACCA, is particularly instructive. Like Martinez, the defendant in *Pate* argued that the Minnesota statute "lack[ed] a knowing or intentional *mens rea* requirement." *Id.* at 555. The Eighth Circuit rejected this argument because "[t]he statute expressly require[d] proof of '*intent* to attempt to elude a peace officer.'" *Id.* (quoting Minn. Stat. § 609.487, subd. 1). Further, the Minnesota statute, similarly to section 2800.2, allows for a conviction if an individual reasonably should have known he was being pursued by the police. *See id.* at 554 (Minnesota statute prohibits fleeing from someone the "perpetrator knows or should reasonably know . . . to be a peace officer" (quoting Minn. Stat. § 609.487, subd. 3)). We agree with the Eighth Circuit's analysis.

Therefore, the district court correctly held that section 2800.2 is a predicate violent felony under the ACCA.

## C. Vagueness Challenge

Martinez also contends that the ACCA's residual clause is unconstitutionally vague as applied to his prior conviction for vehicle flight. Supreme Court and Ninth Circuit precedent foreclose this argument. *See United States v. Spencer*, 724 F.3d 1133, 1145–46 (9th Cir. 2013) (rejecting argument that residual clause is unconstitutionally vague as foreclosed by *James*, 550 U.S. at 210 n.6).

## D. Rule of Lenity

Martinez contends that if the application of the residual clause to California's vehicle flight statute results in an ambiguity, then we should apply the rule of lenity and resolve the ambiguity in his favor. The rule applies "only where after seizing every thing from which aid can be derived, the court

is left with a grievously ambiguously statute." *United States v. Shill*, 740 F.3d 1347, 1355 (9th Cir. 2014) (internal quotation marks omitted). Because the residual clause as applied to California Vehicle Code § 2800.2 is not ambiguous, the rule of lenity is not applicable here.

## E. *Apprendi* Challenge

Finally, for the first time on appeal, Martinez contends that the district court's application of the ACCA's residual clause violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We review unpreserved *Apprendi* errors for plain error. *United States v. Chavez*, 611 F.3d 1006, 1009 (9th Cir. 2010) (per curiam).

Supreme Court and Ninth Circuit precedent foreclose this argument. *See James*, 550 U.S. at 213–14 (application of the ACCA's residual clause did not violate *Apprendi* and its progeny because the Court was engaged in statutory interpretation, not judicial factfinding); *United States v. Brown*, 417 F.3d 1077, 1079 (9th Cir. 2005) (per curiam) ("[Under the categorical approach,] the categorization of a prior conviction as a 'violent felony' or a 'crime of violence' is a legal question, not a factual question coming within the purview of *Apprendi*, *Blakely*, and *Booker*."). Moreover, the district court here stated that it based its decision on its reading of the statute, and it did not delve into any facts. Therefore, we find no plain error on the basis of *Apprendi*.

## III. CONCLUSION

Martinez's conviction for vehicle flight under California Vehicle Code § 2800.2 is a predicate violent felony under the ACCA. Accordingly, the district court did not err in

sentencing Martinez to the mandatory-minimum fifteen years of imprisonment prescribed by the ACCA.

**AFFIRMED.**