**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30189 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00176-RMP-1 |
| v. | |
| CHRISTOPHER ALLEN CAIN, AKA Christopher Cain Bey, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-30190 17-30190 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00069-RMP-1 |
| v. | |
| CHRISTOPHER ALLEN CAIN, AKA Christopher Cain Bey, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna M. Peterson, District Judge, Presiding

Submitted October 11, 2018**
Seattle, Washington

Before:  PAEZ and BEA, Circuit Judges, and ROYAL,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent

Christopher Allen Cain appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922, and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On appeal, Cain challenges the district court's denial of several pre-trial and trial motions: a motion to dismiss his indictment on speedy trial grounds; a motion to prevent the admission of drug evidence in his firearm case, and firearm evidence in his drug case; and a request for a specific jury instruction on impeachment. Cain also argues that the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA"). We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's pre-trial and trial rulings, but reverse the ACCA-based sentence.

**1.** Cain's constitutional and statutory rights to a speedy trial right were not violated. We review de novo a district court's interpretation and application of the Speedy Trial Act ("Act"), as well as a district court's ruling on a Sixth Amendment speedy trial claim. *United States v. Sutcliffe*, 505 F.3d 944, 956 (9th Cir. 2007).

---

except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Cain made his initial appearance approximately seven months after the § 922 indictment, and almost two months after the § 841 indictment. The joint trial began about six months after Cain's initial appearance. Our analysis under the Act focuses on post-arraignment delays, and our analysis under the Sixth Amendment focuses on pre-arraignment delays.

The Act requires a defendant's criminal trial to begin within seventy days of the later of the indictment or the initial appearance, unless the district court grants continuances under certain circumstances. 18 U.S.C. §§ 3161(c)(1), 3161(h)(7)(A). The district court properly granted continuances of Cain's trial based on both defense counsel's request for more time to investigate the case and the absence of a key government witness. The district court also found that these continuances served the ends of justice. 18 U.S.C. § 3161(h)(8). The delay caused by these continuances therefore did not violate the Act.

The Sixth Amendment guarantees the accused's right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972), set out a four-factor balancing test for assessing the merits of a Sixth Amendment speedy trial claim: the length of the delay; the reason for the delay; the defendant's assertion of his right to a speedy trial; and the prejudice to the defendant caused by the delay.

Initially, the government delayed prosecution pending completion of Cain's unrelated state court prosecution. The state court ordered Cain to be evaluated for

3

his competency to stand trial, which further delayed the state proceeding from July to October 2016. It was reasonable for Cain's initial appearance in federal court to be delayed until the state court resolved the competency issue. *See Trueblood v. Wash. State Dep't of Soc. & Health Servs.*, 822 F.3d 1037, 1044 (9th Cir. 2016) ("competency-related delays are not relevant to the speedy trial inquiry"); *Sutcliffe*, 505 F.3d at 957 (recognizing that a competency proceeding was in the interest of justice).[1]

With respect to the other *Barker* factors: the 13-month delay between indictment and trial is presumptively prejudicial, *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003); Cain asserted his speedy trial rights by seeking to terminate the case in pro se filings, *see United States v. Eatinger*, 902 F.2d 1383, 1385 (9th Cir. 1990); and those same pro se filings demonstrate that he suffered some anxiety and prejudice, *see Gregory*, 322 F.3d at 1163. Balanced against the government's reason for the delay, however, those factors do not render the delay a constitutional violation.

**2.** Cain's right to a fair trial was not violated by the admission of drug-related evidence in the firearms case, and the admission of firearms-related

---

[1] Cain tries to analogize his situation to *United States v. Seltzer*, 595 F.3d 1170, 1177 (10th Cir. 2010), in which the indictment was dismissed on speedy trial grounds and a "major reason the government asserted" for a two-year delay was the desire for unrelated state court proceedings to complete. The competency examination distinguishes the instant case from *Seltzer*.

4

evidence in the drug case. We review for abuse of discretion a district court's admission of evidence. *United States v. Santini*, 656 F.3d 1075, 1077 (9th Cir. 2011). We have held that evidence of a controlled substance is "inextricably intertwined" with possession of a firearm, where the substance and firearm were both found in a vehicle that a defendant was driving when arrested. *United States v. Butcher*, 926 F.2d 811, 816 (9th Cir. 1991). Under such circumstances, drugs and drug paraphernalia may be admitted in firearm possession cases not to show bad character, but to show knowledge of possession of the firearm under Federal Rule of Evidence 404(b). *United States v. Carrasco*, 257 F.3d 1045, 1048-49 (9th Cir. 2011). The converse is also true. *See United States v. Crespo de Llano*, 838 F.2d 1006, 1018 (9th Cir. 1987) ("firearms can be relevant to show [] involvement in the narcotics trade").

Cain was driving a vehicle that contained a handgun, ammunition, methamphetamine, scales, and baggies. The district court did not abuse its discretion in allowing the cross-admission of firearm and drug evidence in the drug and firearm cases, respectively.

**3.** The district court did not err in refusing to give Cain's requested impeachment instruction to the jury. "A defendant is entitled to have the judge instruct the jury on his theory of defense." *United States v. Bello-Bahena*, 411 F.3d 1083, 1088 (9th Cir. 2005). "It is not reversible error to reject a defendant's

proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *United States v. Dees*, 34 F.3d 838, 842 (9th Cir. 1994). Where the defendant's theory is supported by the evidence, this court reviews de novo whether the district court's instructions adequately cover it. *Id*. at 1089.

Cain requested an impeachment instruction based on a conflict between the arresting officer's trial testimony and his search warrant affidavit with respect to where the firearm was found in Cain's vehicle. Defense counsel was allowed to highlight that inconsistency on cross-examination, and the district court gave a general credibility instruction that adequately covered Cain's defense theory. The district court's refusal to give a specific impeachment instruction was therefore not reversible error. *See United States v. Holmes*, 229 F.3d 782, 787-89 (9th Cir. 2000) (affirming the refusal of a specific informant credibility instruction); *Guam v. McGravey*, 14 F.3d 1344, 1348 (9th Cir. 1994) (affirming the refusal of a specific jury instruction on the suggestibility of children).

**4.** Cain's prior convictions under Wash. Rev. Code § 69.50.401 do not qualify as predicate convictions supporting a sentence under the ACCA.[2] The ACCA imposes a 15-year mandatory-minimum sentence on anyone convicted of a

---

[2] We review de novo whether a prior conviction is a predicate felony under the ACCA. *United States v. Snyder*, 643 F.3d 694, 696 (9th Cir. 2011).

6

violation of 18 U.S.C. § 922(g) who also has "three previous convictions" that qualify as "a serious drug offense" under the ACCA. 18 U.S.C. § 924(e)(1). The district court found that Cain's three prior convictions under Wash. Rev. Code § 69.50.401 for delivery of cocaine qualified as "serious drug offense[s]" under the ACCA. We have since held that Wash. Rev. Code § 69.50.401 *does not* qualify as a "serious drug offense" under the ACCA, because it is broader than analogous generic federal drug trafficking laws. *United States v. Franklin*, 904 F.3d 793, 803 (9th Cir. 2018); *see also United States v. Valdivia-Flores*, 876 F.3d 1201, 1210 (9th Cir. 2017). We thus vacate Cain's sentence for being a felon in possession of a firearm, and remand for resentencing.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**